```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION


JOHNNY TAYLOR                                         PLAINTIFF


VS.                               CIVIL ACTION NO. 3:06CV611TSL-JCS


MISSISSIPPI DEPARTMENT OF TRANSPORTATION              DEFENDANT
```

MEMORANDUM OPINION AND ORDER

On March 13, 2007, defendant Mississippi Department of Transportation filed in this cause a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argued that (1) plaintiff's § 1983 claim fails because of Eleventh Amendment immunity and because defendant is not a "person" within the meaning of § 1983; (2) plaintiff's § 1981 claim can only be asserted in conjunction with a § 1983 claim and hence fails because the § 1983 claim fails; and (3) plaintiff's Title VII claim for race discrimination fails because plaintiff was not denied admission to the "293 program" or the "292 program" because he is black but rather because he did not meet the eligibility requirements for the former and did not comply with the application process for the latter.

On April 10, 2007, plaintiff Johnny Taylor, through counsel, filed a "Response to Defendant's Motion to Dismiss/Motion for Summary Judgment," referencing defendant's motion to dismiss plaintiff's "claims under 42 U.S.C. § 1981 and his Title VII

claims for race discrimination." Without mentioning his § 1983 claim or defendant's motion to dismiss that claim, plaintiff conceded that a § 1981 claim would not lie against defendant, as it is a state agency.[1] He advised further that he "does not bicker with the [defendant's] position that he does not qualify for the 293 scholarship program" and that he "seeks no relief concerning the 293 scholarship program." However, he maintained that his Title VII claim based on defendant's denial of admission to the 292 scholarship program is a viable claim, supported by the evidence, and in particular, by proof that defendant at all times knew plaintiff was seeking admission to the 292 program and yet never told plaintiff that he had to seek admission through the engineering programs at Mississippi State University or the University of Mississippi in order to participate in the 292 program. Plaintiff requested that he be allowed to conduct discovery "to show that the defendant discriminated against him in the terms and conditions of his employment and that the defendant's reasons for Taylor's non-selection is a mere pretext for discrimination."[2]

---

[1]   It is clear to the court that this was an oversight on plaintiff's part, for the motion to dismiss the § 1983 claim is clearly meritorious.

[2]   Although defendant designated its motion as a Rule 12(b)(6) motion, plaintiff acknowledged in his response to the motion that by submitting evidence in support of its motion, defendant's motion was properly considered a motion for summary judgment, and he has treated it as such by requesting discovery.

Over defendant's objection, this court granted plaintiff's request for discovery regarding his Title VII claim, entering an order on July 17, 2007 giving plaintiff seventy days to conduct discovery, and making his supplemental response to the motion for summary judgment due October 5, 2007. Despite requesting and being granted an extension, however, plaintiff failed to conduct discovery within the time allowed, and on October 11, 2007, moved the court for a further extension of time to conduct discovery and file a supplemental response to defendant's motion. The court granted the request, over defendant's vigorous objection, giving plaintiff a December 10, 2007 deadline for conducting discovery and a December 20, 2007 deadline for responding to defendant's motion. That order was entered on November 8, nearly two months ago, and there is nothing in the record to indicate that plaintiff has conducted any discovery, and he certainly has not responded to the motion, notwithstanding that the response was due more than thirty days ago. Accordingly, the cause is now before the court for consideration of defendant's motion for summary judgment, to which plaintiff has not responded, despite having been afforded ample opportunity to do so.[3] The court, having considered the

---

This court has done so as well, by giving him an opportunity for discovery before requiring him to respond to the motion.

[3] The court notes that in its motion, defendant argued, in a footnote, that plaintiff had incorrectly sued the Mississippi Department of Transportation, as the proper defendant is the Mississippi Transportation Commission. On November 18, 2007,

3

parties' arguments and the undisputed evidence of record, concludes that defendant's motion is well taken and should be granted.

Plaintiff, who is black, charges that he was denied the opportunity to apply for the 292 scholarship program "because during the time he applied, no one bothered to tell him that he must submit an application to the University of Mississippi and/or Mississippi State University," and he asserts that had defendant not withheld this information from him, he could have sought admission to the engineering program at the University of Mississippi and/or Mississippi State University.  Defendant maintains that simply failing to tell plaintiff how the 292 program works and to explain its requirements is not actionable discrimination.  That would indeed be true, at least in the absence of proof that defendant favored white prospective applicants with this information while withholding the information from plaintiff.  There is no such proof in this case.  Defendant goes on to argue, though, that it did provide this information to plaintiff.  Specifically, defendant has submitted the affidavit of Steven K. Edwards, a registered professional engineer employed with the Mississippi Department of Transportation, who states that

---

plaintiff filed a motion to amend to add the Mississippi Transportation Commission.  While that motion was in response to one argument in defendant's motion to dismiss, that motion by plaintiff obviously was not a response to the motion for summary judgment on plaintiff's Title VII claim.

prior to July 19, 2004, he had a meeting with plaintiff in which the two discussed the requirements of the program, and according to Edwards, he "specifically told Mr. Taylor that to be in the [292 program], he would have to be enrolled or planning to enroll at either Mississippi State University or the University of Mississippi's civil engineering program." He "also specifically asked [plaintiff] was he going to move to Starkville or Oxford to be able to attend engineering classes and be eligible for the [program]." Moreover, defendant has presented evidence that during the period of time that plaintiff was seeking admission to the program and corresponding with defendant regarding the program, information regarding the requirements of the program was publicly available via the Internet.

In light of this evidence, the court concludes that defendant is entitled to summary judgment.

Accordingly, it is ordered that defendant's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 31st day of January, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE